IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MELVIN W. FAGAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:07-CV-123 |
| vs. | ) | |
| | ) | |
| JULIE LAWSON and B. SCHRODER, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the Court on the "Motion Requesting an Immediate Injunction and Notice of the Filing of 42 U.S.C. & 1983 Complaint," filed by Melvin W. Fagan, Jr., a *pro se* prisoner, on March 21, 2007.  For the reasons set forth below, Fagan's motion is **DENIED** and the case is **DISMISSED WITHOUT PREJUDICE**. Additionally, Fagan is **ORDERED** to pay to the Clerk 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. Finally, the Clerk is **ORDERED** to return, unfiled, any papers filed in any case by or on behalf of Melvin W. Fagan, Jr. (unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court within the Seventh Circuit, and the Clerk is **ORDERED** to ensure that a copy of this order is mailed to the facility where Plaintiff is currently housed.

DISCUSSION

Fagan submitted a motion for temporary restraining order without payment of the filing fee.  Fagan is barred from proceeding *in forma pauperis* by 28 U.S.C. section 1915(g)[1] and was told on December 11, 2006, that he had three strikes in *Fagan v. Reynolds, et. al*, 3:06-CV-777 (N.D. Ind. filed November 20, 2006).  Fagan challenged the Court's finding that he had three strikes in a motion to reconsider.  On January 5, 2007, the Court denied his motion for reconsideration and again advised Fagan that the Court lacks any discretion to allow him to proceed without payment of the filing fee unless he is under imminent danger of serious physical injury.[2]  On January 22, 2007, the Court dismissed 3:06-CV-777 because Fagan had accumulated three strikes and had not paid the filing fee.

As the Seventh Circuit has found, the proper procedure in this circumstance is as follows:

> Litigants to whom § 1915(g) applies take heed!
> An effort to bamboozle the court by seeking

---

[1] A prisoner may not bring a civil action *in forma pauperis* if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  This is commonly referred to as the "three strikes" provision.

[2] The facts alleged in the instant motion do not support the conclusion that Fagan is in imminent danger of serious physical injury.

permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). The restriction imposed by this order does "not impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

Because Fagan has been previously advised that he may not proceed in a civil rights action without the prepayment of the filing fee, and because Fagan has not prepaid the filing fee in this case, Fagan's motion for a temporary restraining order is denied and his case is dismissed without prejudice. The Clerk is directed to return, unfiled, any papers filed in any case by or on behalf of Fagan, unless filed in a criminal or habeas corpus

3

proceeding, until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court within the Seventh Circuit.


CONCLUSION

For the foregoing reasons, the Court:

(1) **DENIES** the motion for a temporary restraining order (docket # 1).

(2) **DISMISSES** this case without prejudice;

(2) **ORDERS** Plaintiff, **Melvin W. Fagan, Jr., BOP # 08072-027,** to pay (and the facility having custody of him to automatically remit) to the Clerk of this Court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350.00 filing fee is paid in full;

(3) **ORDERS** the Clerk of Court to return, unfiled, any papers filed in any case by or on behalf of Melvin W. Fagan, Jr. (unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court within the Seventh Circuit; and

(4) **ORDERS** the Clerk of Court to ensure that a copy of this order is mailed to the facility where Plaintiff is currently housed.

**DATED: March 27, 2007**              **/s/ RUDY LOZANO, Judge**
                                       **United States District Court**